# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| NASER AWADH and STACY AWADH, <br><br> Plaintiffs, <br><br> v. <br><br> FARM BUREAU MUTUAL INSURANCE COMPANY, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 1:13cv00145 <br><br> District Judge Dale A. Kimball <br><br> Magistrate Judge Paul M. Warner |

District Judge Dale A. Kimball referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Defendant Farm Bureau Property and Casualty Insurance Company's ("Defendant") motion to compel production of certain tax records.[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

## BACKGROUND

The underlying action arises from an insurance claim for a stolen skid loader. Plaintiffs Naser Awadh and Stacy Awadh ("Plaintiffs") submitted a claim to Defendant for the value of the

---

[1] *See* docket no. 3

[2] Docket no. 16.

skid loader.  Defendant determined that the skid loader was property of the Plaintiffs' business, and thus subject to a $2,500 business property coverage limitation.  Plaintiffs allege that the skid loader was personal property purchased in 2004, and that they are entitled to insurance coverage for the full value of the skid loader.  In addition to the coverage dispute, the parties dispute the actual value of the skid loader.

Defendant served requests for production of documents on Plaintiffs, including requests for business tax returns and schedules for the years 2004 through 2011, the period from acquisition of the skid loader until Plantiffs submitted their insurance claim.  Defendant believes that these records are relevant because they show whether Plaintiffs treated the skid loader as a personal or business asset in the tax records; whether Plaintiffs claimed the stolen skid loader as a business loss; and Plaintiffs' stated value of the asset.

Plaintiffs objected to the request, but eventually produced just eight pages of tax documents relating to a few of the years in question.  Plaintiffs did not produce any schedules for 2007, 2009, and 2010 and did not produce any records at all for years 2004, 2005, 2006, 2008, or 2011.  Plaintiffs claim that they do not have any additional tax records for the years in question.  Defendant contends that if Plaintiffs do not have the records, the records can be obtained from the Internal Revenue Service (the "IRS"), provided Plaintiffs give the appropriate authorization.

Defendant made a good faith attempt to obtain production of the tax records from Plaintiffs without the court's involvement, but was forced to file the current motion to compel production after the parties were unable to reach agreement.  Defendant also requests that the court impose sanctions on Plaintiffs for cost incurred by Defendant for bringing the motion to compel and for a potential second deposition of Mr. Awadh.

## ANALYSIS

Under rule 26(b) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* A party may request the production of documents "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1).

Here, the court finds Defendant's request for production of the tax documents relevant and proper. Plaintiffs' tax records appear highly relevant to claims and defenses in the case, and the requested documents appear likely to be admissible at trial or "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The crux of the underlying action appears to be (1) whether the skid loader was personal or business property, and thus subject to their respective coverage limits. Further, Defendant controls the documents in that Defendant either has possession of the documents or has the ability to authorize release of the documents by the IRS.

Accordingly, Defendant's motion is **GRANTED IN PART AND DENIED IN PART** as follows:

Within ten (10) days of the date of this order, Plaintiffs are ordered to produce all personal and/or business tax returns and schedules for the years 2004 through 2011 in their possession, custody, or control, including copies of tax returns and schedules held by Plaintiffs' accountants, attorneys, or other professionals. Plaintiffs' production shall include an affidavit verifying whether the documents produced include full copies of all returns and schedules for the

requested years.  If Plaintiffs affidavit states that they cannot produce full copies of all returns and schedules for the years in question, Defendant may prepare for Plaintiffs' signatures any paperwork required by the IRS for release of the tax records.  Plaintiffs shall sign and return the authorization paperwork within five days of receipt of the authorization paperwork from Defendant.  If necessary, Plaintiffs shall cooperate with Defendant and perform any other actions reasonably necessary for Defendant to be able to obtain the tax records from the IRS.

All tax documents produced by Plaintiffs and/or the IRS shall be subject to the provisions of the Standard Protective Order provided for under civil rule 26-2(a) of the Rules of Practice for the United States District Court for the District of Utah.  DUCivR 26-2(a)(1), App'x. XV.  The tax records shall be designated "CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" pursuant to the Standard Protective Order.  The produced tax records shall not be disclosed to anyone other than attorneys or attorneys' professional consultants, and may only be used for purposes of this litigation.  Parties shall comply with all requirements regarding the treatment of confidential information under the Standard Protective Order.

Defendant's request for sanctions is **DENIED**.

**IT IS SO ORDERED**.

DATED this 11th day of August, 2015.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge