FILED
United States Court of Appeals
Tenth Circuit

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

May 2, 2017

Elisabeth A. Shumaker
Clerk of Court

NASER AWADH; STACY AWADH,

    Plaintiffs - Appellants,

v.

FARM BUREAU MUTUAL
INSURANCE COMPANY,

    Defendant - Appellee.

No. 16-4151
(D.C. No. 1:13-CV-00145-DAK)
(D. Utah)

_____

### ORDER AND JUDGMENT[*]
_____

Before **KELLY**, **BALDOCK**, and **BRISCOE**, Circuit Judges.
_____

The parties dispute whether an insurance policy covered a missing skid loader. The district court granted summary judgment to the insurance company on the Awadhs' claims of breach of contract and breach of the duty of good faith and fair dealing. We summarily affirm the judgment because the Awadhs have failed to provide the materials necessary for review.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The Awadhs proceed with counsel. Therefore, under this court's rules, it is their duty to file an appendix that serves as the record on appeal. See 10th Cir. R. 10.2(B), 30.1(B)(1); see also Milligan-Hitt v. Bd. of Trs., 523 F.3d 1219, 1231 (10th Cir. 2008) ("[I]n this Circuit we leave the record on appeal in the district court and rely primarily on an appendix that the parties are obligated to produce, containing the relevant parts of the record."). Appellants' appendix must be "sufficient for considering and deciding the issues on appeal." 10th Cir. R. 30.1(B)(1). "If the appendix and its supplements are not sufficient to decide an issue, we have no obligation to go further and examine documents that should have been included, and we regularly refuse to hear claims predicated on record evidence not in the appendix." Milligan-Hitt, 523 F.3d at 1231.

Appellants' appendix does not include the insurance company's motion for summary judgment, the Awadhs' response, or the company's reply. Such filings are required to be included in a record on appeal, see 10th Cir. R. 10.3(D)(2), and therefore in appellants' appendix, see 10th Cir. R. 30.1(B)(1). Omitting them leaves us unable to evaluate the arguments made before the district court. See Burnett v. Sw. Bell Tel., L.P., 555 F.3d 906, 908 (10th Cir. 2009). While the insurance company submitted some of the missing documents in a supplemental appendix, which it was free to do, see 10th Cir. R. 30.2(A)(1), the supplemental appendix did not wholly remedy the deficiencies in appellants' appendix.

Of the documents that are included in appellants' appendix, many appear to be exhibits. These documents, however, are not presented in any identifying way.

2

Contrary to 10th Cir. R. 30.1(D)(2), they do not show the district court's electronic stamp, and it is unclear how or when they were presented to the district court. Further, it appears that not all exhibits were included. "[W]e are not inclined to consider reversing the district court based upon the parties' tacit assurances that we have before us all of the relevant matter . . . ." Burnett, 555 F.3d at 910.

"[A]n appellant who provides an inadequate record does so at his peril." Id. at 908 (internal quotation marks omitted). Although "we could access fairly readily the motions, responses, and replies discussed above on the district court's electronic filings system or otherwise, should we choose to do so," id. at 909, we are not required to remedy counsel's omissions, see id. at 910; Milligan-Hitt, 523 F.3d at 1231; 10th Cir. R. 30.1(B)(3). The appendix before us is so inadequate that we will not overlook or remedy its deficiencies. See Rios v. Bigler, 67 F.3d 1543, 1553 (10th Cir. 1995) ("It is not this court's burden to hunt down the pertinent materials. Rather, it is Plaintiff's responsibility as the appellant to provide us with a proper record on appeal."). As a result, we summarily affirm the district court's judgment. See Burnett, 555 F.3d at 910.

The decision of the district court is affirmed.

                                         Entered for the Court


                                         Paul J. Kelly, Jr.
                                         Circuit Judge

**UNITED STATES COURT OF APPEALS**
**FOR THE TENTH CIRCUIT**
**OFFICE OF THE CLERK**

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

Elisabeth A. Shumaker                                                                          Chris Wolpert
Clerk of Court                    May 02, 2017                                         Chief Deputy Clerk

Mr. Brian Arnold
Arnold & Wadsworth
298 24th Street, Suite 230
Ogden, UT 84401

Mr. Matt Wadsworth
Arnold & Wadsworth
955 East Chambers Street
Suite 220
South Ogden, UT 84403

RE:     16-4151, Awadh, et al v. Farm Bureau Mut. Insurance Co.
        Dist/Ag docket: 1:13-CV-00145-DAK

Dear Counsel:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Pursuant to Fed. R. App. P. Rule 40, any petition for rehearing must be filed within 14 days after entry of judgment. Please note, however, that if the appeal is a civil case in which the United States or its officer or agency is a party, any petition for rehearing must be filed within 45 days after entry of judgment. Parties should consult both the Federal Rules and local rules of this court with regard to applicable standards and requirements. In particular, petitions for rehearing may not exceed 15 pages in length, and no answer is permitted unless the court enters an order requiring a response. If requesting rehearing en banc, the requesting party must file 6 paper copies with the clerk, in addition to satisfying all Electronic Case Filing requirements. *See* Fed. R. App. P. Rules 35 and 40, and 10th Cir. R.35 and 40 for further information governing petitions for rehearing.

Please contact this office if you have questions.

Sincerely,

*Elisabeth A. Shumaker*

Elisabeth A. Shumaker
Clerk of the Court

cc: Paul M. Belnap
Andrew B McDaniel

EAS/kf